IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE NO. 3:07cv87

| | |
|---|---|
| MICHAEL H. PARKER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KRAFT FOODS GLOBAL, INC., )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on numerous motions.

On February 21, 2007, the Defendant removed this action from state court based on federal question jurisdiction. The complaint alleges various state law claims as well as a violation of the Employee Retirement Income Security Act, 29 U.S.C. §1001, *et. seq.* On February 28, 2007, the Defendant moved to dismiss the following state law claims based on preemption: (1) the breach of contract claim for severance pay; (2) the North Carolina Wage & Hour Act claim; (3) the unfair and deceptive trade practices claim; (4) the breach of fiduciary duties claims; and (5) a breach of contract claim involving an alleged 2006 bonus agreement. As to the

ERISA claim, the Defendant moved to dismiss it because the Plaintiff had sued the wrong entity and failed to properly plead under the statute. Finally, the Defendant moved to strike the demand for a jury trial. The Plaintiff filed response to the motion on March 19, 2007.

While the motion was under advisement with the Magistrate Judge, the Plaintiff filed an amended complaint without leave of Court on May 2, 2007 in which he sought to add the following Defendants: (1) Kraft Foods North America, Inc. Severance Pay Plan for Salaried Exempt Employees and (2) Plan Administrator for the Kraft Foods North America, Inc. Severance Pay Plan for Salaried Exempt Employees. "Because Defendant filed a motion to dismiss in response to Plaintiff's complaint before Plaintiff filed the [amended complaint] and Plaintiff did not secure Defendant's written consent, Plaintiff must seek the court's permission to amend his complaint." Harley v. Chao, 503 F.Supp.2d 763, 769 (M.D.N.C. 2007). There is no indication in the record that the Plaintiff obtained the Defendant's consent to file an amended complaint. However, in later pleadings, the Defendant has added the additional defendants to the caption. It is therefore unclear whether the Defendant objects to the filing of an amended complaint without leave of court.

On May 4, 2007, while the motion to dismiss remained under

advisement and before an initial attorney's conference had been conducted, Plaintiff filed a motion for summary judgment. In that motion, the Plaintiff addressed only the ERISA claim and made no mention of the state law claims. It is thus unclear whether the Plaintiff considers those claims to remain viable or whether he has abandoned them.

In any event, the motion for summary judgment was filed prematurely. Not to be outdone, however, the Defendant cross-moved for summary judgment and filed a second motion to dismiss, presumably because two new Defendants had been added. Finally, on June 18, 2007, the Defendant moved pursuant to Federal Rule of Civil Procedure 56(f) for discovery prior to summary judgment. The Plaintiff objects. It does not appear that the administrative record has been placed before the Court.

The Court finds the case is in disarray and that the parties repeated filings have not been conducive to progress but instead have stalled the litigation. As a result, the Court will require the parties to address the following matters: (1) has the Plaintiff abandoned the state law claims alleged in the complaint; (2) does the Defendant consent to the filing of the amended complaint; (3) is the second motion to dismiss duplicative of the first one; (4) has the administrative record been placed before the Court; (5) if the state law claims are dismissed, will discovery be required; (6)

would mediation be of assistance in the action; and (7) whether the motions and cross motions for summary judgment are premature and should be denied without prejudice until such time as the motions to dismiss are resolved.  The parties are further notified that, with the exception of the responses to this Order, no further filings in the case may be made without prior leave of Court pending further orders of this Court to the contrary.  Such leave should not be sought absent extraordinary circumstances.

**IT IS, THEREFORE, ORDERED** as follows: on or before fifteen (15) days from entry of this Order, the parties shall file response not to exceed five (5) double spaced pages in size 14 font to the following questions:

(1)   has the Plaintiff abandoned the state law claims alleged in the complaint;

(2)   does the Defendant consent to the filing of the amended complaint;

(3)   is the second motion to dismiss duplicative of the first one;

(4)   has the administrative record been placed before the Court;

(5)   if the state law claims are dismissed, will discovery be required; and

(6)   would mediation be of assistance in the action.

(7)   are the motions and cross motions for summary judgment subject to denial without prejudice as premature until such time as the motions

to dismiss are resolved.

**IT IS FURTHER ORDERED** that, with the exception of the responses to this Order, no further filings in the case may be made without prior leave of Court pending further orders of this Court.

Signed: November 30, 2007

Martin Reidinger
United States District Judge