# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CIVIL CASE NO. 3:07cv87

| | | |
|---|---|---|
| **MICHAEL H. PARKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **KRAFT FOODS GLOBAL, INC.,** | ) | |
| **KRAFT FOODS NORTH** | ) | |
| **AMERICA, INC. SEVERANCE** | ) | |
| **PAY PLAN FOR SALARIED** | ) | |
| **EXEMPT EMPLOYEES; and** | ) | |
| **PLAN ADMINISTRATOR FOR** | ) | |
| **THE KRAFT FOODS NORTH** | ) | |
| **AMERICA, INC. SEVERANCE** | ) | |
| **PAY PLAN FOR SALARIED** | ) | |
| **EXEMPT EMPLOYEES,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to

Dismiss [Doc. 3], filed February 28, 2007; the Plaintiff's Motion for

Summary Judgment [Doc. 11], filed May 4, 2007; the Defendants' Cross

Motion for Partial Summary Judgment [Doc. 14], filed May 21, 2007; the

Defendants' Amended Motion to Dismiss and Strike [Doc. 16], filed May

21, 2007; the Defendants' Rule 56(f) Motion [Doc. 21], filed June 18, 2007 and the Defendants' Motion to Strike [Doc. 22], filed June 18, 2007.

## PROCEDURAL HISTORY

This action was removed from state court by the Defendants on February 21, 2007. [Doc. 1].  The Defendants initially moved to dismiss on February 28, 2007 [Doc. 3]; however, after the Plaintiff filed an amendment to his Complaint [Doc. 9, filed May 2, 2007], the Defendants filed an Amended Motion to Dismiss. [Doc. 16].  Two days after filing the Amendment to Complaint, the Plaintiff moved for summary judgment. [Doc. 11].  The Defendants cross-moved for partial summary judgment. [Doc. 14].  Defendants also moved to defer consideration of the Plaintiff's Motion for Summary Judgment until discovery could be conducted, [Doc. 21], and to strike portions of the Plaintiff's affidavit and exhibits attached thereto. [Doc. 22].  In response to an Order from the undersigned issued after the case was reassigned [Doc. 28, filed November 30, 2007], the Defendants advised the Court that the initial motion to dismiss was moot. [Doc. 30, filed December 17, 2007].

## STANDARD OF REVIEW FOR RULE 12(b)(6) MOTIONS

The Supreme Court has recently clarified the standard of review

used to evaluate complaints in connection with Rule 12(b)(6) motions.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss
> does not need detailed factual allegations, a plaintiff's obligation
> to provide the "grounds" of his "entitle[ment] to relief" requires
> more than labels and conclusions, and a formulaic recitation of
> the elements of a cause of action will not do[.] Factual allegations
> must be enough to raise a right to relief above the speculative
> level on the assumption that all the allegations in the complaint
> are true (even if doubtful in fact)[.]
>
> ...
>
> [This standard does] not require heightened fact pleading of
> specifics, but only enough facts to state a claim to relief that is
> plausible on its face.

Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, at 164-65, 174, 167

L.Ed.2d 929 (2007),(citations omitted).  As has always been the case,

"when ruling on a defendant's motion to dismiss, a judge must accept as

true all of the factual allegations contained in the complaint."  Erickson v.

Pardus, __ U.S. __, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).

However, the court "need not accept as true unwarranted inferences,

unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d

298, 302 (4th Cir. 2008).

The Supreme Court thus requires a flexible 'plausibility standard,'

which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." <u>Iqbal v. Hasty</u>, 490 F.3d 143, 157 (2nd Cir. 2007), *cert. granted* 2008 US LEXIS 4906 (June 16, 2008) (emphasis in original); *accord*, <u>Self v. Norfolk Southern Corp</u>., 264 Fed.Appx. 313 (4th Cir. 2008) (citations omitted).

"Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." <u>Brooks v. City of Winston-Salem</u>, 85 F.3d 178, 181 (4th Cir. 1996); *accord*, <u>Eriline Co. S.A. v. Johnson</u>, 440 F.3d 648 (4th Cir. 2006); <u>Lupton v. Blue Cross and Blue Shield of North Carolina</u>, 139 N.C.App. 421, 424, 533 S.E.2d 270 (2000), *review denied* 353 N.C. 266, 546 S.E.2d 105 (2000) (a motion to dismiss is properly granted "where a valid legal defense stands as an insurmountable bar to a plaintiff's recovery.").

In addressing a motion to dismiss, the Court must exclude any matters outside the scope of the pleadings.  The Court, however, will

consider the copy of the Kraft Compensation Treatment Plan attached to the Amendment to Complaint, as it constitutes part of what is alleged by the Plaintiff.  Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 195 n. 5 (4th Cir. 2002), *citing* New Beckley Mining Corp. v. Int'l Union, UMWA, 18 F.3d 1161, 1164 (4th Cir. 1994).   "[A] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies."  Stewart v. Pension Trust of Bethlehem Steel Corp., 12 Fed.Appx. 174, 2001 WL 691028 **1 (4th Cir. 2001), *quoting* Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).  GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.").

## ALLEGATIONS OF THE COMPLAINT, AS AMENDED

Michael Parker (Plaintiff or Parker) first began working at Kraft Foods Global, Inc. (Kraft) on March 1, 1984. [Doc. 1-3 at ¶4].  He worked there for twenty-two years until his employment was terminated on May 31, 2006. [Id.].  From the beginning of his employment, he was promised severance pay as part of his compensation.[1] [Id., at ¶5].  Parker alleges that pursuant to the terms of this 1984 agreement that by the end of his twelfth year of employment in 1996, he had earned severance pay equal to one year's salary and benefits. [Id., at ¶6].

On January 1, 1991, Kraft adopted the Kraft Foods North America, Inc. Severance Pay Plan for Salaried Exempt Employees (the Plan).[2] [Doc. 9-2, filed May 2, 2007].  The Plan stated that "[a]ll prior severance pay plans or practices of Kraft [] or its predecessor corporations ... are merged and restated herein." [Id., at Section 1.1].  The Plan was intended to provide severance pay to eligible employees when their employment was terminated through no fault of the employees. [Id., at Section 2].  For

---

[1]The Plaintiff does not allege in his Complaint that a written compensation package or agreement existed and no such document has been attached to either the Complaint or the Amendment thereto.

[2] In the Amendment to Complaint, it is alleged that the Plan was first adopted on January 1, 1999. [Doc. 9 at ¶24].  This appears to be a typographical error.

purposes of severance pay, "pay" was defined as the weekly rate of regular salary on the date of termination, excluding "all extra pay such as overtime, bonuses, incentive pay or other allowances." [Id., at Section 3-11]. If an employee declined an offer of another job with Kraft or one of its subsidiaries, which did not require relocation and which was similar in pay and benefits, severance pay would not be available. [Id., at Section 4.3]. The Plan also provided that

> [a]n Employee shall be ineligible for severance pay under this Plan if KFNA[3] *in its sole discretion*, determines that ... [t]he Employee's employment with the Company was terminated as a result of a sale of a business or any part thereof, where the Employee was offered employment by the purchaser[.]

[Id., at Section 4.4(e)] (emphasis provided).

The Plan also provided that severance pay was not due if the employee's "business unit or part thereof was leased, transferred or assigned and the Employee is offered a job with the successor." [Id., at Section 4.4(i)].

The Plan contained a provision that it was "an unfunded employee welfare benefit plan, as defined in Section 3(1), Subtitle A of Title I of the

---

[3] KFNA is defined in Section 3.8 of the Plan as Kraft Foods North America, Inc. or its successor. Though Plaintiff does not allege it expressly, the reasonable inference from the allegations set out in the Amendment to Complaint [Doc. 9] is that Defendant Kraft Foods Global, Inc. is the successor to Kraft Foods North America, Inc., and therefore is KFNA.

Employee Retirement Income Security Act of 1974 (ERISA)." [Id., at Section 6.9].

In April 2006, Kraft notified Parker that it was transferring his job to its IT service provider, EDS. [Doc. 1-3 at ¶9-12]. The notice provided that the transition was being treated as a "sale or divestiture," as the work was transferring to EDS, along with the employees. [Id. at ¶15]. Employees were notified that any employee who received an employment offer from EDS which did not require relocation and which was comparable in pay and benefits, would not be eligible for severance pay. [Id. at ¶13]. The notice also contained information concerning an employee's rights to a 2006 bonus or a portion thereof. [Id. at ¶23].

Parker admits that he was offered a job at EDS and that he declined the job. [Doc. 1-3 at ¶¶11-13]. He characterizes the elimination of his job as outsourcing. [Id., at ¶¶9-15]. Parker asserts causes of action as follows: (1) breach of contract to pay severance pay; (2) breach of contract to pay his 2006 bonus; (3) violations of the North Carolina Wage & Hour Act; and (4) violations of ERISA.

**AMENDED MOTION TO DISMISS**

**1984 Agreement for Severance Benefits**

A threshold question is whether the Plaintiff alleges a cognizable claim for severance benefits pursuant to the alleged 1984 promise from Kraft. He alleges that when he began his employment with Kraft that he was promised certain severance benefits in the event that his employment were to be terminated. He goes on to allege in his Amendment to Complaint that a new - and allegedly slightly different - severance policy was instituted in 1991. That new policy is reflected in a written plan that includes a provision that reads "All prior severance pay plans or practices of Kraft [] or its predecessor corporations ... are merged and restated herein." [Doc. 9-2 at 4, ¶1.1]. It is not disputed that the 1991 plan is an ERISA Plan. "'[B]asic principles of contract interpretation' are often relevant in construing an ERISA plan." <u>Stearns v. NCR Corp.</u>, 297 F.3d 706, 710 (8th Cir. 2002), *certiorari denied* 527 U.S. 1160, 123 S.Ct. 977, 154 L.Ed.2d 895 (2003). Terms in a contract are to be given their plain meaning. See, <u>CB&H Bus. Servs., LLC v. J.T. Comer Consulting, Inc.</u>, 184 N.C. App. 720, 722, 646 S.E.2d 843, 844, affirmed 362 N.C. 78, 653 S.E.2d 145 (2007). The plain meaning of the term "all prior severance pay

plans and practices" would include the 1984 severance benefit that Plaintiff alleges. The term is so broad as to indicate that it is all encompassing. Therefore, the benefit that Plaintiff alleges that he had pursuant to the 1984 agreement was "merged and restated" in the 1991 plan. The plain meaning of the words "merged and restated" is that whatever right to severance pay the Plaintiff may have had prior to 1991, that right is thereafter defined as set out in the 1991 plan document. This is directly consistent with North Carolina law as it pertains to employment contract provisions for severance benefits. In Brooks v. Carolina Tel. & Tel. Co., 56 N.C. App 801, 290 S.E.2d 370 (1982) the court, in addressing a severance pay benefit, held that such "an employment contract provision [is] recognizably cancellable at will by an employer." Id. at 804, 290 S.E.2d at 372. Being cancellable at the will of the employer, the alleged 1984 severance benefit was clearly subject to modification at the will of the employer. The facts alleged by the Plaintiff, taken in the light most favorable to the Plaintiff, are that the 1984 severance pay benefit was merged into the 1991 severance pay plan, and any rights to severance benefits to which the Plaintiff may be entitled are governed by the 1991 plan (as modified), and no additional rights pursuant to the alleged 1984

promise remain.  As such, any claim based on the 1984 promise must be dismissed.

Plaintiff has also asserted a breach of contract claim alleging that he was not paid his 2006 bonus.  His right to any such bonus is not encompassed within the 1991 severance benefits plan, or any other ERISA plan that has been alleged.  The Defendants concede that this claim regarding the bonus is separate from any ERISA issue, and that this claim should not be dismissed. [Doc. 20 at 2 n.2].

**State Law Claims for Severance Benefits - ERISA Preemption**

In alleging that the Defendants failed to pay Plaintiff in accord with the 1991 plan for severance benefits, the Plaintiff asserts claims for 1) breach of contract and 2) violation of the North Carolina Wage and Hour Act.

Defendants have moved to dismiss these state law claims as preempted by ERISA.  "The provisions of [ERISA] shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a)." 29 U.S.C. §1144(a). "Accomplishment of the objectives of ERISA is facilitated by its preemption

clause, ... which protects the administrators of employee benefit plans from 'the threat of conflicting and inconsistent State and local regulation." Gresham v. Lumbermen's Mut. Cas. Co., 404 F.3d 253, 258 (4th Cir. 2005), quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 99, 103 S.Ct. 2890, 72 L.Ed.2d 490 (1983) (other citations omitted). The term "state laws," as used in §1144(a), includes common law causes of action like breach of contract as well as statutory claims like those based on the Wage and Hour Act. Id. The parties do not dispute that the Plan adopted by Kraft in 1991 is an ERISA plan.

As to Plaintiff's breach of contract and state law statutory claims, therefore, the issue is whether those claims are completely preempted by ERISA. ERISA Section 502(a)(1)(B) provides that a civil action may be brought by a plan participant "to recover benefits due to him under the terms of his plan, [or] to enforce his rights under the terms of the plan[.]" 29 U.S.C. §1132(a)(1)(B). "The Supreme Court has determined that ERISA's civil enforcement provision, §502(a), completely preempts state law claims that come within its scope and converts these state claims into federal claims under §502." Darcangelo, 292 F.3 at 187. The issue then, is whether the breach of contract and statutory claims "'fit within the scope of ERISA's

§502(a) civil enforcement provision,' and as such, whether they [are]

properly 'converted into federal claims.'" Sonoco Products Co. v.

Physicians Health Plan, Inc., 338 F.3d 366, 372 (4th Cir. 2003). In that

regard, the Fourth Circuit

> has identified three essential requirements for complete preemption: (1) the plaintiff must have standing under §502(a) to pursue [his] claim; (2) [his] claim must "fall[] within the scope of an ERISA provision that [he] can enforce via §502(a);" and (3) the claim must not be capable of resolution "without an interpretation of the contract governed by federal law," *i.e.*, an ERISA-governed employee benefit plan.

Id.

It is undisputed that Parker was a Plan participant; that is, "an[]

employee ... who is or may become eligible to receive a benefit of any type

from an employee benefit plan." Id.

> §502 permits plan participants to bring an action to "enforce [the participant's] rights under the terms of the plan." Accordingly, an action to enforce the terms of a contract, when that contract is an ERISA plan, is of necessity an alternative enforcement mechanism for ERISA §502 and is therefore "related to" an ERISA plan and preempted by [ERISA]. Because [Parker's] breach of contract [and statutory] claim[s] [are] alternative enforcement mechanism[s] to §502, [they are] also completely preempted–that is, transformed into [] federal claim[s].

Darcangelo, 292 F.3d at 195.

Plaintiff's state law claims for breach of contract and Wage and Hour

Act violations related to his entitlement to any severance benefits are preempted by ERISA and must be dismissed.

**Plaintiff's ERISA Claims**

The Defendants next argue that the Plaintiff's claims under ERISA should be dismissed as well. On this point the briefs of the parties read as though they are reading different pleadings. The Defendants argue in their brief that Plaintiff cannot make out a claim under sections 502(a)(2) and 502(a)(3) of ERISA. Plaintiff makes no attempt to rebut these arguments because he asserts that he is presenting a claim for benefits to which he is entitled under ERISA, which would be a claim under section 502(a)(1)(B). Defendants in their Reply Brief [Doc. 20] concede that Plaintiff's claim under section 502(a)(1)(B) should survive the motion to dismiss. The sum total of these arguments is that Plaintiff has stated a claim for benefits under ERISA and the motion to dismiss as to the ERISA claim should be denied.

**Motion to Dismiss of Defendant Kraft Foods Global, Inc.**

Defendant Kraft Foods Global, Inc. Moves to dismiss the ERISA

claim against it because it is not a proper defendant to such claim. The Plaintiff has conceded in the Amended Complaint that the Plan and Plan Administrator are the proper parties but also alleged that Kraft "is responsible for the decisions" with respect to claims. [Doc. 9 at 5]. The Plan itself provides that the Plan Administrator has "complete discretionary authority." [Doc. 9-2 at Section 6.10]. In opposition to the motion to dismiss, Parker argued without citation to any authority that he "still contends his claims are properly asserted against Kraft." [Doc. 18 at 4]. In Gluth v. Wal-Mart Stores, Inc., 1997 U.S. App LEXIS 16451, 21 Employee Benefit Case. (BNA) 1353, 117 F.3d 1413 n.8 (table)(4th Cir. 1997) the Fourth Circuit held that unless an employer is shown to control administration of an employee benefit plan, it is not a proper defendant in an ERISA action seeking benefits. Id. at *18 n.8; See also, Daniel v. Eaton Corp., 839 F.2d 263, 266 (6th Cir. 1988); Ankney v. Metropolitan Life Ins., 438 F.Supp.2d 566 (D.Md.2006). The Plaintiff has alleged that Kraft Foods Global has control over the administration of the plan at issue. In fact, Section 4.4 of the Plan document expressly places the discretion to deny severance benefits in the hands of Defendant Kraft Foods Global, Inc. Since the Court is addressing this issue at the pleading stage this states a

15

claim against that Defendant. Whether Plaintiff will be able to show, either from the administrative record or from other admissible evidence that such control actually existed is an issue to be addressed at a different stage of this proceeding. For this reason the motion of Defendant Kraft Foods Global, Inc. to be dismissed from the ERISA claim will be denied.

**Motion to Strike Jury Demand**

In their Amended Motion to Dismiss, the Defendants assert a motion to strike the Plaintiff's jury demand. Since state law claims remain in this case for which the Plaintiff would be entitled to a trial by jury, this Motion will be denied.

## THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

Before addressing the Motions for Summary Judgment on the merits the Court will note that both the Plaintiff's and the Defendants' summary judgment motions were filed while Rule 12 Motions were pending, issue had not joined, no Initial Attorneys Conference had been conducted,[4] no

_____

[4] Parker claims in one of the numerous pleadings now pending that an attorneys' conference occurred by telephone but the Defendants later withdrew any proposed plan. [Doc. 24, filed July 2, 2007, at 2]. The docket of the case does not reflect any such conference.

Case Management Plan had been entered and no discovery could be undertaken (to the extent that discovery is allowed in this proceeding). Moreover, a substantial portion of this case is a claim under ERISA, for which the filing of the administrative record is essential to the disposition of the claims, and that administrative record has not yet been filed with this Court. Under such circumstances a motion for summary judgment would be appropriate in a rare case where the disposition of the claims hinged on some singular question of law. Nonetheless, in the face of these circumstances the Court is presented with not one, but two motions for summary judgment.

Parker's Motion for Summary Judgment is less than clear. It appears that he argues for summary judgment on his claim for breach of contract of the 1984 compensation package pursuant to which there was a promise of severance pay. The Court's ruling granting the motion to dismiss that claim renders moot the Motion for Summary Judgment.

Defendants also moved pursuant to Rule 56(f) for discovery, but only as to the claim for a breach of the 1984 compensation agreement. The Order dismissing that claim renders that motion moot as well.

Parker also moves for summary judgment on his ERISA claim related

to severance pay based on the 1991 Plan, as amended. It is undisputed that this claim is one under ERISA. As such, the absence of the administrative record from the record before this Court forces the Court to conclude that the motion is premature. Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co., 32 F.3d 120, 125 (4th Cir. 1994) (review of plan decision is limited to administrative record). To complicate matters, Parker, who apparently seeks *de novo* review of the administrative decision,[5] has attached to his Motion for Summary Judgment documents which are clearly outside the scope of the administrative record. Gallagher v.Reliance Standard Life Ins. Co., 305 F.3d 264, 276 n.12 (4th Cir. 2002). It appears that these documents are intended to show that the transitioning of employees to EDS was not a sale or divestiture of any Kraft division or subdivision but an outsourcing of work for a limited time. Yet, no motion for leave to supplement that record has been made or support for such motion submitted. Id. (such additional evidence is the exception); Quesinberry v. Life Ins. Co. of North America, 987 F.2d 1017 (4th Cir.1993) (in most cases district court should look only at evidence that was before

_____

[5] This statement is not to be construed by any party to mean that the Court adopts this standard of review.

18

the plan administrator at the time of the decision). The Defendants promptly moved to strike the documents as outside the record, unauthenticated, and hearsay. [Doc. 22]. Since Plaintiff's Motion for Summary Judgment on the ERISA claim is being denied as premature, this Motion to Strike is likewise rendered moot, and will be denied for that reason.

Defendants' Cross-Motion for Partial Summary Judgment [Doc. 14] fares no better. The Defendants move therein for summary judgment on the ERISA claim, for which the administrative record is necessary. The Court cannot review an administrative record which has never been placed before it. For this reason the Court will also deny this Motion as premature.

In response to the November 30, 2007 Order, both parties conceded that mediation would be appropriate after the resolution of the motion to dismiss. The Court will order mediation but will enter an order to place this case back on track.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to

Dismiss [Doc.3] is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Defendants' Amended Motion to Dismiss and Strike [Doc. 16] is hereby **GRANTED IN PART AND DENIED IN PART** as follows:

1.  All Plaintiff's claims pertaining to the alleged 1984 severance benefit agreement are **DISMISSED**.  The Plaintiff's state law claims pertaining to any severance benefit agreement are hereby **DISMISSED.**  As to the state law claims pertaining to Plaintiff's alleged entitlement to a bonus for 2006, the Motion to Dismiss is **DENIED**;

2.  The Motion to Dismiss the Plaintiff's ERISA claim is hereby **DENIED**;

3.  The Defendants' motion to strike the jury demand is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Defendants' motion pursuant to Rule 56(f) [Doc. 21] is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 11] and the Defendants' Cross Motion for Partial Summary Judgment [Doc. 14] are hereby **DENIED** as premature without prejudice to refiling at an appropriate stage of this litigation.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Strike

[Doc. 22] is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that:

1.    On or before twenty days from entry of this Order, the parties shall agree upon a mediator and shall file with the Court a document identifying the mediator chosen.

2.    On or before sixty days from entry of this Order, the parties shall conduct and complete mediation and shall file a report with the Court.

3.    On or before thirty days from entry of this Order, the parties shall file the administrative record with the Court.  Such filing need not entail a full scanning of the record but the parties are ordered to ensure that the record is delivered to the Clerk of Court.

4.    On or before twenty days from entry of this Order, the parties shall conduct the Initial Attorneys Conference and file the report thereof with the Court.  Thereafter, the Court will enter an appropriate Case Management Order.

Signed: September 26, 2008

Martin Reidinger
United States District Judge