# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:07cv87

| | |
|---|---|
| MICHAEL H. PARKER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KRAFT FOODS GLOBAL, INC., KRAFT FOODS )<br>NORTH AMERICA, INC. SEVERANCE PAY PLAN )<br>FOR SALARIED EXEMPT EMPLOYEES; and )<br>KRAFT FOODS GLOBAL, INC. ADMINISTRATIVE )<br>COMMITTEE, )<br>)<br>Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the following matters:

1.  the Defendants' Motion for Summary Judgment [Doc. 64];

2.  the Plaintiff's Motion to Consider Affidavit of Dale Morrison [Doc. 71];

3.  the Defendants' Motion to Strike Affidavit Testimony and Related Exhibits [Doc. 77]; and

4.  the Defendants' Motion to Continue Trial Date and to Suspend Remaining Pretrial Deadlines [Doc. 82].

1

## PROCEDURAL HISTORY

In the complaint and amended complaint, the Plaintiff claims he is entitled to a severance benefit and bonus as a result of the elimination of his job in May 2006. In September 2008, the Court addressed the parties' initial round of motions and held that the claims which remain are the Plaintiff's Section 502(a)(1)(B) ERISA[1] claim pursuant to the merged severance benefit agreement, his state law breach of contract claim for a 2006 bonus and his North Carolina Wage and Hour Act[2] claim based on that bonus. [Doc. 31, at 20]. It was noted in that decision that the parties had conceded the state law claims are not ERISA claims; thus, the Court denied the Defendants' motion to strike the Plaintiff's demand for a jury trial as to those claims. [Id., at 11, 20].

The surviving state law claims have been set for jury trial on February 16, 2010. The notice of that setting prompted the pending motion to continue which is opposed by the Plaintiff.

---

[1] Employee Retirement Income Security Act, 29 U.S.C. §1132(a)(1)(B).

[2] N.C.G.S. §95-25.6.

# DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

> Under the Federal Rules of Civil Procedure, summary judgment shall be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, ... show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has observed, "this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."

Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003), *certiorari denied* 541 U.S. 1042, 124 S.Ct. 2171, 158 L.Ed.2d 732 (2004) (emphasis in original).

A genuine issue of fact exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), *certiorari denied* 513 U.S. 814, 115 S.Ct. 68, 130 L.Ed.2d 24 (1994), *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." Bouchat, 346 F.3d at 522, *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If this showing is made, the burden then shifts to the non-moving party who must convince the Court that a triable issue does exist. Id. A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denial of [his] pleadings," but rather must "set forth specific facts showing that there is a genuine issue for trial." Id.

Nonetheless, in considering the facts for the purposes of a summary judgment motion, the Court will view the pleadings and material presented in the light most favorable to the nonmoving party. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

**The Defendants' motion for summary judgment as to the ERISA claim.**

The parties do not dispute that the ERISA claim should be resolved based on the Defendants' pending motion for summary judgment and the Plaintiff's response thereto. As a result, the ERISA claim will be severed and a ruling will issue after the jury trial.

**Defendants' motion for summary judgment as to non-ERISA claims.**

The Defendants also moved for summary judgment as to the Plaintiff's

claim that the failure to pay him a 2006 bonus was a breach of contract. This claim is based on the Kraft Incentive Plan (KIP) which outlined the terms of yearly bonuses available to Kraft employees. [Doc. 65, at 8]. According to the Defendants, an employee became ineligible for the bonus under the KIP terms if his employment was terminated for any reason prior to December 31, 2006. [Doc. 65, at 8]. On the other hand, the Defendants acknowledge the KIP also provided that if the employee was terminated without fault, Kraft, in its discretion, could award a pro-rated bonus. [Id.]. It is undisputed that the Plaintiff's job was eliminated through outsourcing in May 2006. The Plaintiff claims his supervisor promised in early 2006 that if he would help with the transition of outsourcing the functions of his department, he would be considered for a pro-rata bonus for 2006. [Id., at 9]. His claim is therefore based on the KIP plan and the alleged oral promise of the supervisor that Kraft, in its discretion, would award a pro-rata bonus since the Plaintiff was terminated without fault.

The Defendants rely on the KIP plan to support their motion for summary judgment. [Doc. 65, at 8]. In particular, the Defendants reference the Plaintiff's deposition, portions of which have been placed before the Court in Documents 64-3 and 64-4, as well as exhibits introduced during that

5

deposition. [Id.]. One of those exhibits is a copy of the KIP plan; however, the exhibits are not included in the record. The actual language of the Plan is therefore not before the Court.[3]

The import of this absence is obvious from the parties' positions concerning summary judgment. The Defendants argue that the Plaintiff's breach of contract claim fails because the language of the KIP plan showed he was ineligible for a bonus. [Doc. 65, at 20]. Yet, that language is not in the record. The Plaintiff claims an oral agreement, a position which implicates his supervisor's conduct, his testimony concerning an alleged agreement and the manner in which the language of the KIP plan may impact any such agreement. These are issues of credibility for the jury. Williams v. Collier, 2009 WL 2171236 (4th Cir. 2009), *citing* Gray v. Spillman, 925 F.2d 90, 95 (4th Cir. 1991) ("it is not the province of the trial court at summary judgment to make such determinations of credibility").

Moreover, the Defendants concede the issue is whether an oral contract was reached but claim the Plaintiff's allegations are too vague to show the formation of a contract. The Court finds this too is an issue for the jury. See,

---

[3]Likewise, a reference is made to the Administrative Record but the pages referenced do not include the Kraft Incentive Plan. If, in fact, the plan is included in the record or has otherwise been placed before the Court, the Defendants' method of citation is unclear.

6

*e.g.*, Williams v. Jones, 322 N.C. 42, 366 S.E.2d 433 (1988).

The Defendants also moved for summary judgment as to the Wage and Hour Act claim. They argue that, to the extent the claim is based on the promise of a bonus, it is merely a second claim for contractual damages which may not be recovered pursuant to the Act. See, *e.g.*, Cole v. Champion Enterprises, Inc., 496 F.Supp.2d 613, 626 n.7 (M.D.N.C. 2007), *affirmed* 305 Fed.Appx. 122 (4th Cir. 2008) ("Cole's Wage and Hour Act claim is fatally deficient because he is attempting to transform alleged contractual damages into a claim for wages under the Act."). The Plaintiff failed to respond to this argument. As a result, summary judgment will be granted as to this claim. Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.").

**PLAINTIFF'S MOTION TO CONSIDER MORRISON AFFIDAVIT**

After the Defendants' summary judgment motion was filed, the Plaintiff

moved for permission to introduce in evidence the affidavit of Dale Morrison, a former Kraft employee. [Doc. 70]. The parties agree that this affidavit is not part of the administrative record. In the affidavit, Morrison stated that he was employed by Kraft in a sales position from 1993 through April 2006. [Id.]. When his job was eliminated, he received severance pay "consistent with the promises and representations that had been made" to him. [Id., at 1]. He also stated that in his experience, each employee who was terminated due to job elimination was provided severance pay. [Id., at 2].

In support of its admission, the Plaintiff states that the affidavit "relates to the treatment for severance payment purposes of other employees at or about the time Plaintiff's severance was denied, which is one of the factors that may be considered related to Defendant's denial of severance to Plaintiff." [Doc. 71]. Citing <u>Booth v. Wal-Mart Stores, Inc. Assn. Health and Welfare Plan</u>, 201 F.3d 335, 342-43 (4th Cir. 2000), the Plaintiff argues that such evidence is proper for consideration to show that the "provisions at issue have been applied consistently" except as relates to his case. <u>Id</u>., at 342.

In the affidavit, Morrison does not disclose in what manner his employment was similar to the Plaintiff's position. Whether he was a salaried employee is not disclosed. It is not disclosed whether his job was outsourced

or whether he was offered a similar position with the company taking over his job. There is no statement as to whether he declined such a position, if offered. The contents of the affidavit are useless because no comparison is made between Morrison and the Plaintiff, other than the fact that both had their jobs eliminated and Morrison received severance pay. See, Fed.R.Civ.P. 56(e) ("A supporting ... affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

This affidavit, which is outside the administrative record, is not relevant to a consideration of the ERISA claim. Since it is not offered for any other purpose, it is inadmissible.

## DEFENDANTS' MOTION TO STRIKE AFFIDAVIT AND EXHIBITS

In this motion, the Defendants address the inadequacies of the Morrison affidavit as well as those allegedly implicit in the Plaintiff's third affidavit, together with exhibits attached thereto, which was filed in opposition to the motion for summary judgment. Since the Court has ruled the Morrison affidavit is inadmissible, the motion to strike is moot as to that pleading. As the motion relates to the Plaintiff's third affidavit and the exhibits attached

thereto, it will be denied to the extent that it relates to his claim for a 2006 bonus and admissibility will be considered at the time of trial. To the extent that the affidavit and exhibits relate to the ERISA claim, admissibility will be considered at such time as the Court addresses that claim.

## DEFENDANTS' MOTION TO CONTINUE

Finally, the Defendants have moved to continue the trial date of February 16, 2010 and to suspend the pre-trial deadlines applicable to that trial. This case has been pending for almost three years. The discourse between the attorneys has devolved into accusations and repeated rants of inappropriate behavior. It is time for the case to reach resolution and the motion to continue will be denied.

Due to the vehement and often caustic rhetoric used by the attorneys toward each other, the Court will place in effect a pre-trial filing order. With the exception of filings which are required by the pre-trial order and case management plan, no further filings may be made in this matter absent prior permission received from the Court. Such permission should not be lightly sought.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's ERISA claim is hereby **SEVERED** from his state law claims;

**IT IS FURTHER ORDERED** as follows:

1. the Defendants' Motion for Summary Judgment [Doc. 64] is hereby **DENIED** as to the Plaintiff's state law claim for breach of contract and that claim shall be tried during the February 2010 term of Court;

2. the Defendants' Motion for Summary Judgment [Doc. 64] is hereby **DEFERRED** as to the ERISA claim until after the jury trial of the breach of contract claim;

3. the Defendants' Motion for Summary Judgment [Doc. 64] is hereby **GRANTED** as to the Plaintiff's North Carolina Wage and Hour Act claim and that claim is hereby **DISMISSED** with prejudice;[4]

4. the Plaintiff's Motion to Consider Affidavit of Dale Morrison [Doc. 71] is hereby **DENIED**;

5. the Defendants' Motion to Strike Affidavit Testimony and Related Exhibits [Doc. 77] is hereby **DENIED** as moot as to the Morrison

---

[4] A judgment relating to this dismissal will be entered simultaneously with any judgment rendered as to the remaining causes of action.

Affidavit and is hereby **DEFERRED** as to the Plaintiff's third affidavit and attached exhibits [Doc. 69] and the admissibility of such evidence shall be considered during the trial of the state law breach of contract claim and in connection with the Defendants' motion for summary judgment as to the ERISA claim; and

6. the Defendants' Motion to Continue Trial Date and to Suspend Remaining Pretrial Deadlines [Doc. 82] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that with the exception of filings which are required by the Pre-Trial Order and Case Management Plan [Doc. 38], no further filings may be made in this matter absent prior permission received from the Court.

Signed: December 21, 2009

Martin Reidinger
United States District Judge